```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

                                :
JULIO ALBANEZ                   :
                                :
     v.                         :   Civil Action No. DKC 14-1813
                                :
BREEDING CONSTRUCTION, INC.,    :
et al.                          :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case involving alleged violations of the Fair Labor Standards Act, Maryland Wage and Hour Law, and the Maryland Wage Payment and Collection Law is a motion for default judgment filed by Plaintiff Julio Albanez.  (ECF No. 6).  The court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion to for default judgment will be denied without prejudice.

**I.   Background**

   **A.   Factual Background**

The following facts are set forth in the complaint.  (ECF No. 1).  Plaintiff Julio Albanez ("Plaintiff" or "Mr. Albanez") worked for Defendant Breeding Construction, Inc. ("Breeding Construction") and James Breeding, the President of Breeding Construction, from June 22, 2010 until March 26, 2013. According to the complaint, Plaintiff took time off from July 10, 2010 until July 10, 2012 due to a work accident ("the

Employment Period"). (ECF No. 1 ¶ 15). Plaintiff was paid $25.00 per hour during the Employment Period. (*Id.* ¶ 16). According to Plaintiff, he worked an average of fifty to sixty hours per week during the Employment Period, sometimes working as much as eighty hours per week. (*Id.* ¶ 17). Plaintiff avers that he was not compensated for overtime hours worked and is owed approximately $17,250 in overtime wages. Plaintiff contends that Defendants willfully withheld overtime pay from him. (*Id.* ¶ 21).

   B.  **Procedural Background**

Plaintiff filed his complaint on June 6, 2014. (ECF No. 1). Plaintiff alleges overtime violations pursuant to the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. § 3-401 *et seq.* ("MWHL") (counts I); the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") (count II); and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. § 3-501 *et seq.* ("MWPCL") (count III).

Service of process was properly effected on both Defendants. When Defendants failed to respond within the requisite time period, Plaintiff moved for entry of default. (ECF No. 4). The clerk entered default on September 17, 2014. (ECF No. 11). Plaintiff filed the pending motion for default judgment on February 11, 2015. (ECF No. 6). To date, Defendants have taken no action in the case.

**II. Standard of Review**

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Rule 55(b)(1) provides that the clerk may enter a default judgment if the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation."

"Upon [entry of] default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not."  *S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 422 (D.Md. 2005).  It remains, however, "for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action."  *Agora Fin., LLC v. Samler*, 725 F.Supp.2d 491, 494 (D.Md. 2010).  Federal Rule of Civil Procedure 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Thus, where a complaint specifies the amount of damages sought, such as here, the plaintiff is limited to entry of a default judgment in that amount.  "[C]ourts have generally held that a default judgment cannot award additional damages . . . because the defendant could not reasonably have expected that his damages would exceed that amount."  *In re Genesys Data*

*Technologies, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000).  While the court may hold a hearing to consider evidence as to damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum."  *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (*citing United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

**III. Analysis**

    **A.  Liability**

Defendants were served with the complaint but have not responded.  Accordingly, all of Plaintiff's allegations as to liability are deemed admitted.

The FLSA provides that, for any hours worked in excess of forty hours per week, an employee shall "receive[] compensation for his employment . . . at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207.  Similarly, Section 3-415 of the MWHL requires employers to pay their employees an overtime wage of at least one-and-half times their usual hourly wage for work they perform in excess of forty hours per week.  Md.Code Ann., Lab. & Empl. §§ 3-415, 3-420.  "The requirements of the MWHL 'mirror' those of the FLSA, and claims under both statutes therefore stand or fall together."  *Orellana v. Cienna Properties, LLC*, Civ. No. JKB-11-2515, 2012 WL 203421, at *5 (D.Md. Jan. 23, 2012) (*citing Turner*

*v. Human Genome Science, Inc.*, 292 F.Supp.2d 738, 744 (D.Md. 2003)). Moreover, the Court of Appeals of Maryland reiterated the reach of the MWPCL claim in *Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 646 (2014):

> Maryland has two wage enforcement laws . . . the [M]WHL and the [M]WPCL. The [M]WHL aims to protect Maryland workers by providing a minimum wage standard. The [M]WPCL requires an employer to pay its employees regularly while employed, and in full at the termination of employment. Read together, these statutes allow employees to recover unlawfully withheld wages from their employer, and provide an employee two avenues to do so.

*See also Marshall v. Safeway*, 437 Md. 542, 561-62 (2014) (holding that the MWPCL generally provides an employee with a cause of action against an employer, not just for the failure to pay wages on time, but also for "the refusal of employers to pay wages lawfully due.").

Plaintiff alleges that he routinely worked between fifty and sixty hours per week, but was not paid time and a half for the hours worked after forty hours each week. Accepting as true the well-pled allegations, Plaintiff has established that Defendants are liable to Plaintiff under the FLSA, the MWHL, and the MWPCL.

### B. Damages

The complaint asserts that Plaintiff is owed $17,250 for overtime, and requests treble damages in the total amount of

5

$51,750. (ECF No. 1, at 6). "In cases such as the present one in which wage and pay records, required to be kept by employers pursuant to 29 U.S.C. § 211(c), are not available, [the employee] must show the amount and extent of [his] improperly compensated work 'as a matter of just and reasonable inference.'" *Lopez v. Laws 'R' Us*, Civ. No. DKC-07-2979, 2008 WL 2227353, at *3 (D.Md. May 23, 2008) (*quoting Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1116 (4th Cir. 1985)). Moreover, an employee's statement under oath "as to his recollection of the hours he worked and the pay he received, if considered credible by the trier of fact, is sufficient to establish a prima facie case of wages owed," and if the employer does not successfully rebut the employee's statement, "[t]he Court may award damages based on Plaintiffs' testimony even though the amounts claimed are only approximated and not perfectly accurate." *Lopez*, 2008 WL 2227353, at *3.

Plaintiff's "evidence" as to damages is problematic. He has provided a sparse affidavit signed under penalty of perjury stating that he routinely worked between fifty to sixty hours per week, (ECF No. 6-1 ¶¶ 4-5), but was unable to work from July 10, 2011 until July 10, 2012 due to a work accident (*id.* ¶ 2). The affidavit conflicts with the allegation in the complaint, which states that he was unable to work from July 10, 2010 until July 10, 2012. (*See* ECF No. 1 ¶ 15). Plaintiff does not

6

estimate in his sworn affidavit the number of weeks worked for which he is seeking overtime. Instead, in the motion for default judgment, Plaintiff merely provides the following statement in support of overtime damages: "Albanez worked ninety-two weeks in 2010-2013 for which he was not paid overtime and is owed $17,250 (15 hours x $12.50 difference per hours x 92 weeks)." (ECF No. 6, at 6).

It is not clear at all why Plaintiff is entitled to an overtime premium for ninety-two weeks. Plaintiff filed his complaint on June 6, 2014, thus it appears that overtime damages may be recovered no more than three (3) years preceding the filing of the complaint. Accounting for at least the one year Plaintiff did not work (from July 10, 2011 until July 10, 2012), it appears that the only appropriate time period for purposes of calculating overtime damages encompasses approximately nine months: (1) June 6, 2011 until July 9, 2011; and (2) July 11, 2012 until March 26, 2013, when he ended his employment. Plaintiff has not provided any evidence as to the number of weeks worked during these time periods, leaving the court to speculate as to the amount and extent of his allegedly improperly compensated work. Plaintiff has not explained his entitlement to damages for the appropriate time period, thus the motion for default judgment will be denied without prejudice to renewal within fourteen (14) days. The request for attorneys'

fees and costs will be considered when Plaintiff submits a properly supported motion for default judgment.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for default judgment will be denied without prejudice to renewal within fourteen (14) days.  A separate order will follow.


                                                       /s/
                              DEBORAH K. CHASANOW
                              United States District Judge