IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JULIO ALBANEZ                        :

        v.                               :    Civil Action No. DKC 14-1813

BREEDING CONSTRUCTION, INC.,         :
et al.                               :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this unpaid wage case is a supplemental motion for default judgment and for attorneys' fees and costs filed by Plaintiff Julio Albanez ("Plaintiff"). (ECF No. 10). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiff's motion will be granted in part and denied in part.

**I.   Background**

   **A.   Factual Background**

Unless otherwise noted, the following facts are set forth in the complaint. (ECF No. 1). Plaintiff worked for Defendant Breeding Construction, Inc. ("Breeding Construction") and James Breeding, President of Breeding Construction, from June 22, 2010 until March 26, 2013 (the "Employment Period"). Plaintiff avers that he took time off from July 10, 2011 until July 10, 2012 due to a work accident. (ECF No. 10-2 ¶ 2). Plaintiff was paid $25.00 per hour during the Employment Period. (ECF No. 1 ¶ 16).

According to Plaintiff, he worked an average of fifty to sixty hours per week during the Employment Period, sometimes working as much as eighty hours per week.  (*Id.* ¶ 17).  Plaintiff contends that he was not compensated for overtime hours worked and is owed approximately $17,250 in overtime wages.  According to the complaint, Defendants willfully failed to pay Plaintiff the required overtime wages.  (*Id.* ¶ 21).  Plaintiff also notes that he believes Defendants did not post signs describing employees' rights to minimum wage and overtime.  (ECF No. 10-2 ¶ 6).

    **B.**    **Procedural Background**

Plaintiff filed his complaint on June 6, 2014.  (ECF No. 1).  Plaintiff alleges overtime violations pursuant to the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. § 3-401 *et seq.* ("MWHL") (Count I); the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") (Count II); and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. § 3-501 *et seq.* ("MWPCL") (Count III).

Service of process was properly effected on both Defendants.  When Defendants failed to respond within the requisite time period, Plaintiff moved for entry of default as to Breeding Construction.  (ECF No. 4).  The clerk entered default on September 17, 2014.  (ECF No. 5).  Plaintiff filed a motion for default judgment against Breeding Construction on

February 11, 2015.  (ECF Nos. 6; 7).  On July 8, the court issued a memorandum opinion and order denying Plaintiff's motion without prejudice to allow Plaintiff to provide additional detail regarding his calculation of damages.  (ECF Nos. 8; 9).  Plaintiff filed the requested supplement on July 22.  (ECF No. 10).  To date, Defendants have taken no action in the case.

**II. Standard of Review**

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Rule 55(b)(1) provides that the clerk may enter a default judgment if the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation."

"Upon [entry of] default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not." *S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 422 (D.Md. 2005).  It remains, however, "for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action." *Agora Fin., LLC v. Samler*, 725 F.Supp.2d 491, 494 (D.Md. 2010).  Federal Rule of Civil Procedure 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in

the pleadings." Thus, where a complaint specifies the amount of damages sought, such as here, the plaintiff is limited to entry of a default judgment in that amount. "[C]ourts have generally held that a default judgment cannot award additional damages . . . because the defendant could not reasonably have expected that his damages would exceed that amount." *In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). While the court may hold a hearing to consider evidence as to damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

### III. Analysis

#### A. Liability

Defendants were served with the complaint but have not responded. Accordingly, all of Plaintiff's allegations as to liability are deemed admitted.

The FLSA provides that, for any hours worked in excess of forty hours per week, an employee shall "receive[] compensation for his employment . . . at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207. Similarly, Section 3-415 of the MWHL requires employers to pay their employees an overtime wage of at least one-and-half

4

times their usual hourly wage for work they perform in excess of forty hours per week. Md.Code Ann., Lab. & Empl. §§ 3-415, 3-420. "The requirements of the MWHL 'mirror' those of the FLSA, and claims under both statutes therefore stand or fall together." *Orellana v. Cienna Properties, LLC*, Civ. No. JKB-11-2515, 2012 WL 203421, at *5 (D.Md. Jan. 23, 2012) (citing *Turner v. Human Genome Science, Inc.*, 292 F.Supp.2d 738, 744 (D.Md. 2003)). Moreover, the Court of Appeals of Maryland reiterated the reach of the MWPCL claim in *Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 646 (2014):

> Maryland has two wage enforcement laws . . . the [M]WHL and the [M]WPCL. The [M]WHL aims to protect Maryland workers by providing a minimum wage standard. The [M]WPCL requires an employer to pay its employees regularly while employed, and in full at the termination of employment. Read together, these statutes allow employees to recover unlawfully withheld wages from their employer, and provide an employee two avenues to do so.

*See also Marshall v. Safeway*, 437 Md. 542, 561-62 (2014) (holding that the MWPCL generally provides an employee with a cause of action against an employer, not just for the failure to pay wages on time, but also for "the refusal of employers to pay wages lawfully due").

Plaintiff alleges that he routinely worked between fifty and sixty hours per week, but was not paid time and a half for the hours worked after forty hours each week. Accepting as true

the well-pled allegations, Plaintiff has established that Defendants are liable to Plaintiff under the FLSA, the MWHL, and the MWPCL.

    **B.    Damages**

The complaint asserts that Plaintiff is owed $17,250 for overtime, and requests treble damages in the total amount of $51,750. (ECF No. 1, at 6). Plaintiff's revised calculations in his supplemental motion assert $16,875 in unpaid wages, which, when trebled, equals $50,625 in damages. (ECF No. 10, at 3). "In cases such as the present one in which wage and pay records, required to be kept by employers pursuant to 29 U.S.C. § 211(c), are not available, [the employee] must show the amount and extent of [his] improperly compensated work 'as a matter of just and reasonable inference.'" *Lopez v. Laws 'R' Us*, Civ. No. DKC-07-2979, 2008 WL 2227353, at *3 (D.Md. May 23, 2008) (*quoting Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1116 (4th Cir. 1985)). Moreover, an employee's statement under oath "as to his recollection of the hours he worked and the pay he received, if considered credible by the trier of fact, is sufficient to establish a prima facie case of wages owed," and if the employer does not successfully rebut the employee's statement, "[t]he Court may award damages based on Plaintiffs' testimony even though the amounts claimed are only approximated and not perfectly accurate." *Lopez*, 2008 WL 2227353, at *3.

6

Plaintiff argues that he is entitled to unpaid wages beyond the statute of limitations due to equitable estoppel. (ECF No. 10, at 1). Employers are required to "post and keep posted a notice explaining the [FLSA] . . . in conspicuous places." 29 C.F.R. § 516.4. Equitable estoppel tolls the FLSA's statute of limitations when an employer fails to comply with this notice requirement. *Cruz v. Maypa*, 773 F.3d 138, 146-47 (4th Cir. 2014). Plaintiff avers in his affidavit that Defendants did not post the required notice. (ECF No. 10-2 ¶ 6). Moreover, the statute of limitations is an affirmative defense, and as Defendants have taken no action in this case, the court will not raise it *sua sponte*. See *Erline Co. S.A. v. Johnson*, 440 F.3d 648, 657 (4th Cir. 2006). Accordingly, none of Plaintiff's overtime claims are barred by the statute of limitations.

Plaintiff's supplement to his motion for default judgment provides helpful detail and clarification regarding his calculation of unpaid overtime wages. Plaintiff credibly establishes his rate of pay and the number of overtime hours for which he did not receive an overtime premium by a sworn affidavit. (ECF No. 10-2). According to Plaintiff, he was employed by Defendants for approximately ninety weeks, from June 22, 2010 through July 10, 2011 and from July 10, 2012 through

7

March 26, 2013. (ECF Nos. 10, at 2; 10-2 ¶¶ 1-2).[1] For these ninety weeks, Plaintiff worked between fifty and sixty hours per week and was paid a regular hourly rate of $25.00. (ECF No. 10-2 ¶¶ 3-4). Plaintiff was not compensated at the mandated time and a half rate for overtime worked each of the ninety weeks. Because Plaintiff was paid his regular rate for the overtime worked, he is due overtime compensation in an amount of fifty percent his regular rate ($12.50) multiplied by the total number of overtime hours worked (average fifteen hours a week for ninety weeks, for a total of 1,350 overtime hours worked). Accordingly, Plaintiff is entitled to $16,875 in overtime wages.

Plaintiff also requests treble liquidated damages under the MWPCL. (ECF No. 10, at 3). The MWPCL authorizes the court to award, in addition to compensatory damages, "an amount not exceeding 3 times the wage" if an employer withheld wages "in violation of [the MWPCL] and not as the result of a bona fide dispute." Md. Code, Lab. & Empl. § 3-507.2(b). Defendants have failed to appear and present no evidence of a bona fide dispute. Courts in this district, however, routinely award only double liquidated damages unless the plaintiff offers evidence of

---

[1] At times in the complaint and motion for default judgment, Plaintiff asserts he worked for approximately ninety-two weeks, and at other times he asserts that he worked for approximately ninety weeks. Given that Plaintiff's start date is an approximation, it is appropriate to use the smaller of these two estimates. In his supplement, Plaintiff appears ultimately to agree, requesting unpaid overtime wages for ninety weeks.

consequential damages suffered because of the underpayments. *See Castillo v. D & P Prof'l Servs., Inc.*, No. DKC-14-1992, 2015 WL 4068531, at *6-7 (D.Md. July 2, 2015) (citing cases); *see also Monge v. Portofino Ristorante*, 751 F.Supp.2d 789, 799-800 (D.Md. 2010) (doubling, rather than trebling, unpaid wages where the defendants did not offer evidence of a bona fide dispute and the plaintiff did not claim consequential damages). Plaintiff's complaint does not assert, and he puts forth no evidence showing he suffered, consequential damages. Accordingly, treble damages are not appropriate, and double damages will be awarded in the amount of $33,750.

   C.  **Attorneys' Fees and Costs**

In any action under the FLSA, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The payment of attorneys' fees and costs to employees who prevail on FLSA claims is mandatory. "The amount of the attorney's fees, however, is within the sound discretion of the trial court." *Burnley v. Short,* 730 F.2d 136, 141 (4th Cir. 1984). The MWHL also allows for the recovery of attorneys' fees and costs. *See* Md. Code Ann., Lab. & Empl. § 3–427 ("If a court determines that an employee is entitled to recovery in an action under this

section, the court may allow against the employer reasonable counsel fees and other costs."

Plaintiff's counsel seeks $7,652.50 in attorneys' fees. (ECF No. 10-1, at 13). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). This approach is commonly known as the "lodestar" method. *Grissom v. The Mills Corp.,* 549 F.3d 313, 320 (4th Cir. 2008).[2] In deciding what constitutes a "reasonable" number of hours and a "reasonable" rate, numerous factors may prove pertinent, including:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client;

---

[2] Maryland courts also use the "lodestar" method when determining attorneys' fees under fee-shifting statutes. *See, e.g., Friolo v. Frankel,* 373 Md. 501, 504-05 (2003).

>and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs.*, 560 F.3d 235, 243–44 (4th Cir. 2009) (quoting *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)). "[T]he burden rests with the fee applicant to establish the reasonableness of a requested rate." *Id.* at 244 (quoting *Plyler v. Evatt,* 902 F.2d 273, 277 (4th Cir. 1990)). "In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award," including, for example, "affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community." *Id.* at 244, 245 (internal quotation marks omitted).

Although Plaintiff has not provided evidence other than detailed billing sheets and an affidavit from Mary Craine Lombardo, lead Plaintiff's counsel, the undersigned does not deem additional evidence necessary in this case. The court has previously considered fee petitions in a number of similar cases, and the affidavit and billing records contain sufficient detail. Ms. Lombardo avers that she and her colleague, Mr. Jonathan F. Lieberman were both admitted to the bar in late 1999. (ECF No. 10-1, at 21). Accordingly, when performing the

11

work on this case, Ms. Lombardo and Mr. Lieberman had been admitted to the bar for fourteen or fifteen years. The guidelines set forth in the Local Rules suggest that the following hourly rates are reasonable: $225-$350 for lawyers admitted to the bar for nine to fourteen years and $275-$425 for lawyers admitted to the bar for fifteen to nineteen years. Local Rules App'x B.  Ms. Lombardo and Mr. Lieberman request a billing rate of $395 per hour for work they performed in 2014 and $420 per hour for work performed in 2015.  This rate is within the range for attorneys practicing for more than fifteen years, but is higher than the range for attorneys practicing between nine and fourteen years.  Much of the work in this case occurred before Ms. Lombardo and Mr. Lieberman were admitted to the bar for fifteen years.  Moreover, this case does not present any unusual or complicated issues justifying a particularly high rate.  Accordingly, Ms. Lombardo and Mr. Lieberman's hourly rate will be reduced to $350.  Plaintiff also requests a $275 hourly rate for the work of an associate, but provides no information regarding how long this associate has been practicing. Accordingly, the associate's hourly rate will be reduced to $225.  The requested rate of $150 for work performed by a paralegal is within the guidelines' range and is reasonable.

The number of hours expended are well-documented with specificity. (ECF No. 10-1, at 24-28).  The requested hours are

reasonable other than the apparent erroneous inclusion of work performed in 2012, likely on a different case. Counsel spent 23.3 hours on this case from the initial consultation with Plaintiff in February 2014 through the drafting of the pending motion in January 2015.[3] Accordingly, $6,785.00 will be awarded for 23.3 hours of work performed by Plaintiff's counsel.

Plaintiff seeks $590.98 in costs. (ECF No. 10-1, at 13). These costs include: $190 for service of process fees; a $400 filing fee; and $0.98 in postage.

> [T]he Fourth Circuit has held that district courts have discretion to determine the costs that will be assessed against losing defendants in FLSA cases. *Roy v. Cnty. Of Lexington, S.C.*, 141 F.3d 533, 549 (4th Cir. 1998). . . . [C]osts charged to losing defendants may include "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988). Types of costs charged to losing defendants include "necessary travel, depositions and transcripts, computer research, postage, court costs, and photocopying." *Almendarez v. J.T.T. Enters. Corp.*, No. JKS-06-68, 2010 WL 3385362, at *7 (D.Md. Aug. 25, 2010).

*Andrade v. Aerotek, Inc.*, 852 F.Supp.2d 637, 644 (D.Md. 2012). Here, the costs requested by Plaintiff are reasonable, necessary, and are detailed with sufficient specificity. (ECF No. 10-1, at 28). Accordingly, Plaintiff has met his "burden of

---

[3] Counsel asserts 23.5 hours were performed, but this includes the erroneous 0.2 hours from 2012.

providing sufficient detail . . . to explain and support [his] requests for fees and costs," see *Andrade*, 852 F.Supp.2d at 645 (citing *Spencer v. General Elec. Co.*, 706 F.Supp. 1234, 1244 (E.D.Va. 1989)), and the requested costs will be awarded in full.

### IV. Conclusion

For the foregoing reasons, Plaintiff's motion will be granted in part and denied in part.  Judgment will be entered for Plaintiff in the amount of $33,750.00.  Plaintiff will also be awarded $6,785.00 in attorneys' fees and $590.98 in costs.  A separate order will follow.

                                                    /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge